IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08cv281

| | |
|---|---|
| ROBERTA FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OF DECISION |
| ) | AND ORDER |
| ) | |
| HARTFORD LIFE AND ) | |
| ACCIDENT INSURANCE ) | |
| COMPANY, a/k/a The Hartford. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings [Doc. 6], filed June 30, 2008.

## PROCEDURAL HISTORY

On June 18, 2008, the Defendant Hartford Life and Accident Insurance Company (Hartford) filed a Notice of Removal of the Plaintiff's

state court action based on federal question jurisdiction.[1] [Doc. 1]. In the state court Complaint, the Plaintiff Roberta Ford (Ford) alleged that while working for Simmons Manufacturing Company (Simmons), she had long term disability insurance coverage as a benefit of employment which was carried by Hartford. [Doc. 1-2 at ¶2]. Ford alleged that she worked at Simmons from 1994 through 1999 and that at an unspecified time, she became disabled. [Id.]. Ford claims that she received long term disability benefits until January 25, 2006 when Hartford wrongfully terminated her benefits. [Id., at ¶7].

Ford has asserted four claims: breach of contract, misrepresentation, unfair and deceptive trade practices, and a violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.*

Hartford removed the action to this Court asserting federal question jurisdiction under 28 U.S.C. §1331, based on the ERISA claim which it argues preempts the state law claims. [Doc. 1; Doc. 5]. Hartford has also

---

[1] Federal jurisdiction also lies under 28 U.S.C. §1332(a)(1) because of diversity of citizenship. Plaintiff is a resident of North Carolina. [Doc. 1-2 at 5]. A corporation is deemed to be a citizen of any state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. §1332(c)(1). Hartford is incorporated in Connecticut and has its principal place of business in that same state. [Doc. 9 at ¶2]. Ford has claimed that she is entitled to long term disability benefits for the remainder of her life, a sum which exceeds $75,000. [Doc. 1-2 at ¶18; Doc. 9 at ¶13 (Ford received monthly benefits of $1,189.07)]. Thus, there is complete diversity between the parties.

counterclaimed to recover overpayments made to Ford as a result of the amount of her social security disability benefits not having been deducted from her payments as called for in the plan. [Doc. 8; Doc. 9].

At the same time that Hartford filed Answer, it moved to dismiss the action for failure to state a claim upon which relief may be granted and for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). [Doc. 6]. The Plaintiff has responded and the matter is ripe for determination. [Doc. 10].

## STANDARD OF REVIEW

Hartford moves to dismiss the common law claims for failure to state a claim upon which relief may be granted because such claims are preempted by ERISA. Fed.R.Civ.P. 12(b)(6).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, at 1964-65, 1974, 167 L.Ed.2d 929 (2007) (citations omitted). As has always been the

case, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  The court, however, "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).  Finally, the court is not obligated to accept the legal conclusions drawn by the Plaintiff from the facts.  Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).

Hartford "attached a copy of the [long term disability insurance policy and the termination letter] to its [answer and cited both] in support of its motion to dismiss.  Because [the Plaintiff] relies on [both documents] in her complaint, it [is] proper for the district court to consider [each] in ruling on the motion to dismiss."  Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n. 5 (4th Cir. 2002), *citing* New Beckley Mining Corp. v. Int'l Union, UMWA, 18 F.3d 1161, 1164 (4th Cir. 1994).

> [W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the

4

affirmative case.

Clark v. BASF Corp., 142 Fed.Appx. 659, 661 (4th Cir. 2005), *quoting* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §1327 (3d ed. 2004); *accord*, Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed.Appx. 174, 2001 WL 691028 **1 (4th Cir. 2001) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). Here, the Plaintiff's claims are based on the long term disability insurance policy (Policy) and the termination letter. As a result, the undersigned will consider the Policy and termination letter attached by the Defendant to its Answer.

In the event that the undersigned finds the state law claims are preempted by ERISA, Hartford also moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.[2] That motion is based on Hartford's claim that Ford did not exhaust her administrative remedies. The same standard of review is applied to motions for judgment on the

---

[2] Because Hartford filed its Answer contemporaneously with the motion for judgment on the pleadings, the pleadings are closed. Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002).

pleadings as is used in connection with motions to dismiss for failure to state a claim. Volvo Const. Equipment North America, Inc. v. CLM Equipment Company, Inc., 386 F.3d 581, 591 (4th Cir. 2004); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002). Thus, the Court "will assume the facts alleged in the relevant pleadings to be true, and [will] draw all reasonable inferences therefrom." Volvo, 386 F.3d at 591.

## STATEMENT OF FACTS FROM THE PLEADINGS

While Ford was employed by Simmons, Hartford was the long term disability insurance carrier for Simmons. [Doc. 1-2, at ¶2]. Ford paid premiums to Hartford for long term disability insurance coverage. [Id.]. Ford alleged in her Complaint that this benefit of employment is covered by ERISA. [Id., at ¶28]. The parties agree that Ford participated in an ERISA-governed employee benefit plan established by Simmons for its employees and that the long term disability insurance was part of that plan. [Id.; Doc. 9 at ¶¶7-9].

Ford worked at Simmons as a quilt panel sewer until she stopped working due to low back, right shoulder and right arm pain in 1999. [Doc. 5-

6

3 at 4]. Ford was approved for long term disability benefits on August 1, 1999 and was subsequently approved for continuing benefits beyond August 1, 2001. [Id.].

Included among the Policy provisions is a requirement that any long term disability benefit paid to Ford must be reduced by the amount of any social security disability benefit received by Ford. [Doc. 5-2 at 21, 34]. Ford was awarded social security disability benefits in 2004, retroactive to February 2003. [Doc. 9, at ¶18]. After January 2005, Hartford did not make any benefit payments while it recouped the overpayments it had made in 2003 and 2004 that had resulted from Ford's receipt of social security disability payments in addition to her benefits.

On January 25, 2006, Hartford notified Ford that it was terminating her long term disability benefits based on its review of her medical records, surveillance videos, and statements made to interviewers. [Doc. 5-3, at 4-8]. The termination letter contained the following notice:

> The Employee Retirement Income Security Act of 1974 (ERISA) gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send us. You are entitled to receive upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized

representative must write to us within one hundred eighty (180) days from your receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim. ... After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

[Doc. 5-3, at 8]. The notice also contained the address to which any appeal should be sent. [Id.].

At the time this letter was sent to Ford, it is alleged that she still owed Hartford $14,300.52 for overpayments made in disability benefits which had not been reduced by the amount of the social security disability benefits she received. [Id., at 7].

## DISCUSSION

**Preemption.**

Hartford asserts that all of Ford's claims, except for her ERISA claim in her fourth cause of action, are preempted by ERISA. Ford alleges as a first cause of action that Hartford breached its contract for long term disability insurance by terminating benefits "when Plaintiff has shown that she is disabled." [Doc. 1-2 at ¶11]. In her second cause of action, Ford alleges that she relied on representations by Hartford that she was covered

8

under this disability insurance plan but Hartford "never intended to pay Plaintiff for long-term disability benefits for the duration of [her] life." [Id., at ¶18]. Thus, she alleges a claim for misrepresentation. Ford's third state law claim alleges that Hartford breached its duty of ethical dealings in business by failing to continue the disability benefits, thus engaging in unfair and deceptive trade practices. [Id., at ¶¶23-24].

Ford's fourth cause of action is specifically designated in the Complaint as one for "Fraud pursuant to Employment (*sic*) Retirement Income Security Act" and contains the allegation that Ford "is entitled to benefits pursuant to the Employment (*sic*) Retirement Income Security Act." [Doc. 1-2, at 28]. Thus, Ford alleged in her Complaint and Hartford agrees that Ford participated in an ERISA-governed employee benefit plan established by Simmons for its employees and that the long term disability insurance was part of that plan. [Doc. 1-2 at ¶28; Doc. 9 at ¶¶7-9]. Indeed, the provisions of the disability insurance policy included explicit advice on the rights of participants in the policy as an ERISA-controlled plan. [Doc. 5-2 at 43-49].

Although Ford failed to cite the ERISA statutory provision on which she relies in the fourth cause of action, it is clear that she seeks a cause of

action to recover her long term disability benefits and to enforce her rights to those benefits under the terms of the employee benefit plan provided by Simmons through Hartford. As such, in the fourth cause of action, Ford has stated a claim pursuant to ERISA §502(a)(1)(B). Darcangelo, 292 F.3d at 195; Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 418 (6th Cir. 1998).

In response to Hartford's motion, Ford argues that her fourth cause of action is not pursuant to ERISA, but rather is for common law fraud. [Doc. 10 at 6]. While Ford's argument is quite unpersuasive, the Court will treat the fourth cause of action as one seeking to allege both a claim under ERISA and one for common law fraud.

Thus, the issue is whether ERISA preempts the state law claims for breach of contract, misrepresentation, unfair and deceptive trade practices and the purported "fraud" claim.

> [The Court] begin[s] [its] analysis by setting forth the text of ERISA's preemption clause: "[T]he provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Although the phrase "relates to" has an expansive connotation, ERISA's preemptive scope is not unlimited[.] Thus, as the Supreme Court has instructed, courts must go "beyond the unhelpful text ... and look instead to the objectives of the ERISA statute as a guide to the scope of

the state law that Congress understood would survive."

> "Considering ERISA's objectives set forth in 29 U.S.C.A. §1001(b), the Supreme Court has explained that Congress intended ERISA to preempt *at least* three categories of state law: (1) laws that 'mandate[] employee benefit structures or their administration'; (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice; and (3) 'laws providing alternate enforcement mechanisms' for employees to obtain ERISA plan benefits."

Great-West Life & Annuity Ins. Co. v. Information, 523 F.3d 266, 270-71 (4th Cir. 2008) (emphasis in original) (citations omitted).

"When a cause of action under state law is 'premised on' the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists,' ERISA preemption will apply." Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001) (citation omitted). When the state law claim is actually an alternative means of recovering benefits allegedly due under ERISA, there is preemption. Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). Likewise, ERISA preemption is triggered when there is "an effect on the primary administrative functions of benefits plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." Gresham v. Lumbermen's Mut. Cas. Co.,

404 F.3d 253, 258 (4th Cir. 2005).

Ford's breach of contract claim is predicated on her conclusion that Hartford wrongfully terminated her long term disability benefits by determining that she was no longer disabled under the terms and provisions of the policy. Inherent in that determination was her eligibility for a benefit and the amount thereof. Id.

> Because the contract in question is an ERISA plan, this claim is clearly preempted. ERISA §502 permits plan participants to bring an action to "enforce [the participant's] rights under the terms of the plan." Accordingly, an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA §502 and is therefore "relate[d] to" an ERISA plan and preempted by §514.

Darcangelo, 292 F.3d at 194-95. "Because the Plaintiff's claim for long term disability benefits is subject to ERISA, ... the Court finds that ERISA preempts Plaintiff's breach of contract cause of action." Gauldin v. Honda Power Equipment Mfg., Inc., 351 F.Spp.2d 455, 457 (M.D.N.C. 2005); *accord*, Jarvis v. Stewart*i*, 2005 WL 3088589 **3 (M.D.N.C. 2005) (court may not determine whether breach of disability payment agreement occurred without examining ERISA plan's terms; thus, preemption).

> Nevertheless, when a claim under state law is completely preempted and is removed to federal court because it falls within the scope of §502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under §502.

> What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under §502(a)(1)(B).

Darcangelo, 292 F.3d at 195. Thus, the Court finds the state law breach of contract claim is preempted by ERISA and "becomes a federal claim for the enforcement of contractual rights."

Ford's second cause of action is based on her claim that Hartford misrepresented that she would be paid disability benefits if she became disabled. According to Ford, Hartford never intended to pay her benefits "for the duration" of her life. Her third claim alleges that Hartford breached an implied duty of fair dealing by failing to continue the disability payments and by finding she was no longer disabled. Thus, she claims Hartford engaged in unfair and deceptive trade practices. To the extent that the fourth cause of action may be considered a fraud claim, it is based on Ford's claim that Hartford fraudulently failed to continue her benefits. State law claims sounding in tort but which are based on the allegedly wrongful denial or termination of benefits under an ERISA plan are preempted. Griggs, 237 F.3d at 378; Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480-81 (4th Cir. 1996). Likewise, where the allegations are of a wrongful failure to continue or to pay benefits, state law claims for fraud, breach of

an implied covenant of fair dealing and/or for unfair and deceptive trade practices are preempted by ERISA.  <u>Bedrick v. Travelers Ins. Co.</u>, 93 F.3d 149, 151 (4th Cir. 1996); <u>Powell v. Chesapeake & Potomac Telephone Company of Virginia</u>, 780 F.2d 419, 421 (4th Cir. 1981); <u>Cherochak v. Unum Life Ins. Co. of America</u>, 586 F.Supp.2d 522 (D.S.C. 2008) (fraud, breach of contract preempted); <u>Lippard v. Unumprovident Corp.</u>, 261 F.Supp.2d 368 (M.D.N.C. 2003).

The state law claims alleged in the Complaint are, therefore, completely preempted by ERISA.  The second and third causes of action for misrepresentation and unfair and deceptive trade practices are therefore dismissed.  To the extent that the fourth cause of action may be considered to allege fraud, it is also dismissed.  The first cause of action for breach of contract becomes a federal claim for enforcement of the contract and is considered in conjunction with the fourth cause of action under ERISA.

In the prayer for relief contained within the Complaint, Ford sought a jury trial and compensatory, punitive and treble damages.  To the extent those damages were sought in connection with the second, third and/or fourth state law claims, they are dismissed.  Ford, however, also sought

14

such relief in the breach of contract and ERISA claims. Since there is no right to a jury trial in ERISA cases, Ford's jury demand is stricken. Varghese v. Honeywell Intern., Inc., 424 F.3d 411, 415 n.5 (4th Cir. 2005), *citing* Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 222 (4th Ci. 2005).

Likewise, it is well established that extracontractual damages are unavailable in ERISA cases and any claims for compensatory or punitive damages are stricken. Mertens v. Hewitt Assocs., 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); Mass. Mutual Life Ins. Co. v. Russel, 473 U.S. 134 (1985); Darcangelo, 292 F.3d at 195; Hemelt v. United States, 122 F.3d 204, 209 (4th Cir. 1997), *citing* Powell v. Chesapeake & Potomac Tel. Co., 780 F.2d 419, 424 (4th Cir. 1985), *certiorari denied* 476 U.S. 1170, 1076 S.Ct. 2892, 90 L.Ed.2d 980 (1986).

**Exhaustion of Administrative Remedies.**

Hartford's Motion for Judgment on the Pleadings is based on Ford's failure to exhaust administrative remedies. Ford did not respond in any manner to this motion. The record shows that although provided notice of the administrative remedies to be pursued and the time within which to do so, Ford failed to pursue any such remedies. For this reason the Motion

will be granted.

An ERISA claimant is required to exhaust the remedies provided by the employee benefit plan in which she participates as a prerequisite to bringing an ERISA action to enforce benefits thereunder or to otherwise seek redress for the denial thereof. Makar v. Health Care Corp. of Mid-Atlantic (Carefirst), 872 F.2d 80 (4th Cir. 1989); *accord*, Gayle v. United Parcel Service, Inc., 401 F.3d 222, 226 (4th Cir. 2005) ("An ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to the federal courts."). As noted above, the plan contained provisions for administrative review. Ford was provided with explicit notice to exhaust those provisions when she was notified that her benefits were being terminated. Ford's termination letter advised her that:

> The Employee Retirement Income Security Act of 1974 (ERISA) gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send us. ... If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from your receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. ... After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

[Doc. 5-3, at 8]. The notice also contained the address to which any

appeal should be sent. [Id.]. Because Ford failed to exhaust those administrative remedies, the Court must dismiss this action. Deem v. BB&T Corp., 279 Fed.Appx. 283 (4th Cir. 2008); Norris v. Boeing Co., 2008 WL 2777411 (E.D.Va. 2008).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings [Doc. 6] are hereby **GRANTED** and the Plaintiff's claims are hereby dismissed.

**IT IS FURTHER ORDERED** that since Hartford's counterclaim remains, the parties shall conduct their Initial Attorneys Conference (IAC) within twenty (20) days of the entry of this Order and shall file the Report thereof with the Court within five (5) days thereafter.

Signed: April 8, 2009

Martin Reidinger
United States District Judge